WOMEN IN CITY GOVERNMENT UNITED, et al., Plaintiffs,

v.

The CITY OF NEW YORK, et al., Defendants.

No. 75 Civ. 2868 (MJL).

United States District Court, S.D. New York.

June 19, 1986.

Henry L. King, James W.B. Benkard, Jamie E. Stern, Cheryl L. Pollak, Paul W. Bartel, New York City, for plaintiffs.

Frederick A.O. Schwarz, Jr., Corp. Counsel, City of New York, New York City by Doron Gopstein, Dennis Deleon, Michael Barron, Edward F. Zagajeski, David Clinton, Anshel David, Julian Bazel, for defendants.

Fried, Frank, Harris, Shriver & Jacobson, New York City by William Josephson, Beverly Ross Campbell, for Charles Ensminger.

## MEMORANDUM OPINION AND ORDER

LOWE, District Judge.

This is a ten-year-old action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act ("EPA"), the New York Human Rights Law ("NYHR"), and 42 U.S.C. § 1983. Presently before the Court is the motion of Charles Ensminger ("Ensminger") for this Court to overturn the ruling of Special Master Sol Neil Cor-

bin, Esq. ("Master Corbin") which denied Ensminger the right to appear at his continuing deposition represented by counsel of his own choice. For the reasons stated below we rule that Ensminger is not a party to this litigation and therefore may have his own counsel present at the deposition. His counsel, however, may not participate generally in the deposition.

*Background*

Plaintiffs' Third Amended Complaint alleges four claims for relief—Title VII, EPA, NYHR, and Section 1983. The Court granted summary judgment on the issue of liability on plaintiffs' Title VII claim. The Court reserved judgment on the nature and scope of relief and whether it should be retroactive. Later, the Court referred that issue to Master Corbin for a report and recommendation. The Court reached no holding on the EPA, NYHR or Section 1983 claims.

Discovery has been proceeding, under the supervision of Master Corbin, in preparation for trial before him. As part of that discovery the continuing deposition of Ensminger has been noticed. Ensminger seeks to be allowed to be represented at that deposition by the law firm of Fried, Frank, Harris, Shriver & Jacobson ("Fried Frank"). The Corporation Counsel of the City of New York, Frederick A.O. Schwartz, Jr., Esq., ("Corporation Counsel") argues that, pursuant to the New York City Charter, Ensminger must be represented by the Office of the Corporation Counsel only.

The Corporation Counsel, Fried Frank [1] and the plaintiffs have all taken the position before Master Corbin that Ensminger was a party defendant in this action. The Master accepted that position for the purposes of the motion, but questioned whether it was in fact correct. Upon that assumption, the question of whether Fried Frank could represent Ensminger implicated complex questions of conflict of interest and potential personal liability.[2]

The Court, however, is unwilling to accept the assumption that Ensminger is a party to this action. This action was commenced in 1975 against:

> THE CITY OF NEW YORK: THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM: and ABRAHAM S. BEAME: HARRY I. BRONSTEIN: HARRISON J. GOLDIN: PAUL J. O'DWYER: SEBASTIAN LEONE: PERCY E. SUTTON: ROBERT ABRAMS: DONALD R. MANES: ROBERT T. CONNOR: JOHN J. DE LURY: ELLIS VAN RIPER: VICTOR GOTBAUM: MELVIN E. LECHNER,
>> individually and as officers or trustees of the City of New York and the New York City Employees' Retirement System, and their agents, assigns and successors in office.

Obviously Ensminger's name does not appear. However, Paul J. O'Dwyer ("O'Dwyer") is named as a party. O'Dwyer was, at the time the original complaint was filed, the President of the City Counsel of the City of New York. As City Counsel President, O'Dwyer was an *ex officio* member of the Board of Trustees of the New York City Employees' Retirement System ("NYCERS"). Accordingly, O'Dwyer was entitled to vote on all NYCERS matters or to designate someone to exercise his power.

O'Dwyer was succeeded in office by Carol Bellamy ("Bellamy"), who nominated Ensminger as her designee. During that time

---

**1.** Somewhat inexplicably, Fried Frank seems to argue before the Court that its client might be personally liable.

**2.** The Court raised the question of whether Corporation Counsel was in a conflicting posture by representing both the City and the Board of Trustees of the New York City Employees' Retirement System ("NYCERS"). NYCERS owes a duty of loyalty to its members, some of whom are the plaintiffs in this action. It also owes a duty to the City of New York, its co-defendant. It is each attorney's duty to inform his clients of any potential conflict of interest and, if he believes such conflict might exist, to obtain an informed and voluntary waiver of the conflict or withdraw from the representation. The Court has fulfilled its duty by raising the issue, and needs make no holding on the issue of conflict generally.

Ensminger was able to exercise all the powers of a NYCERS Trustee in Bellamy's absence. Recently, Bellamy was herself succeeded by Andrew J. Stein ("Stein"), the current City Counsel President. When Stein took office, Ensminger ceased to function as a member of the NYCERS board.

In resolving the question of whether Ensminger may have his own counsel present at his deposition we believe the first step must be to determine whether Ensminger is a party to this action. The starting point in this inquiry is Fed.R.Civ.P. 25(d) which states in pertinent part:

(d) *Public Officers; Death or Separation from Office.*

(1) When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

Fed.R.Civ.P. 25(d)(1).

■ While a good argument can be made that the Third Amended Complaint fails to state a claim upon which relief can be granted against any defendant in his personal capacity,[3] we believe that any plain reading of Rule 25(d) indicates that Ensminger is not now a party to this action. This conclusion is also mandated by the most fundamental principles of due process.

Under Rule 25(d) Bellamy became a party to this action, in her official capacity, when she replaced O'Dwyer in office. By the same token she ceased to be a party defendant when she left office. Ensminger, as her agent was likewise only a party to this action while Bellamy was in office.

Any suggestion that Bellamy or Ensminger was ever a party in their individual capacity is untenable. There is no provision in the Federal Rules for a person to become personally liable without some form of service. Any such provision would violate due process. Even the other provisions of Rule 25 provide for service upon the person to be substituted "in the manner provided in Rule 4 for the service of a summons." While it appears that a summons is not actually served, the notice to substitute serves the same purposes and is sufficient to attach personal jurisdiction.

■ In the case at bar neither Bellamy nor Ensminger was served with any process. While Corporation Counsel presumably accepted service of the various amended complaints for all of the defendants, the service of the amended complaints, which did not name Bellamy or Ensminger, was insufficient for *in personam* jurisdiction over them. In fact, even if they had been named in the amended pleadings, a new summons would be required before jurisdiction attached. Jurisdiction over Ensminger in his personal capacity never attached. Jurisdiction over him in his official capacity ended when his tenure in office ended. Accordingly, Ensminger is no longer a party to this action. We reach no holding on the question of whether those people individually named and served with the original complaint remain parties in their individual capacity. We do hold that all subsequent office holders are parties only in their official capacities and only so long as they hold office.

3. In our summary judgment opinion we held that the individual defendants could not be held personally liable under Title VII since they were not employers. 515 F.Supp. 295, 299. It appears that the same result would be dictated in the EPA and NYHR claims. Corporation Counsel persuasively argues that the defendants would be immune in their personal capacity on the constitutional claims since they were acting within the scope of their authority. While we believe that these arguments are persuasive, plaintiffs have not had a full opportunity to brief the issue and there is no pending motion to dismiss. Accordingly, we do not reach a holding on this issue.

■ Pursuant to Rule 25(d) we believe that it is mandatory that all future proceedings "be in the name of the substituted party." Future pleadings must bear the name of the current office holders in their official capacity as well as the original named defendants in their personal capacity. On all other documents the caption *"Women in City Government United v. City of New York"* will be sufficient.

The next question is whether the provisions of law which require exclusive representation of city officials, sued in their official capacity, by the Corporation Counsel are applicable to Ensminger. The relevant provisions of the New York City Charter provide as follows:

> Except as otherwise provided in this chapter or other law, the corporation counsel shall be attorney and counsel for *the city and every agency thereof* and shall have charge and conduct of *all the law business of the city and its agencies and in which the city is interested.*

New York City Charter § 394(a) (emphasis added).

> ... No officer or agency, except as provided in this chapter or otherwise especially provided, shall have or employ any attorney or counsel, except where a judgment or order in an action or proceeding may affect him or them individually or may be followed by a motion to commit for contempt of court, in which case he or they may employ and be represented by attorney or counsel at his own or their own expense.

*Id.* § 395.

■ The Corporation Counsel argues that since Ensminger is being deposed only in regard to conduct within the scope of his official duties, he must be represented by Corporation Counsel. We believe, however, that the Charter is inapplicable to the instant situation. While the Corporation Counsel is in charge of "all the law business of the city and its agencies," Ensminger is entitled to have his own counsel present at the deposition to protect his personal interest.

■ As a general rule, a person being deposed, whether a party or a non-party witness, is entitled to have counsel present at his deposition. This rule is intended to allow the deponent to intelligently exercise testimonial privileges—chief among them being the privilege against compulsory self incrimination. Counsel is not present to keep the deponent from making a statement against his interest in the absence of a testimonial privilege and he is not present to object on evidentiary grounds. A non-party witness' counsel is also not present to participate generally in the deposition by cross-examination or otherwise. Counsel for the deponent does, on the other hand, have standing to move to terminate the deposition pursuant to Fed.R.Civ.P. 30(d) and for a protective order pursuant to Fed. R.Civ.P. 26(c).

■ Viewed in this light, the representation of Ensminger does not implicate the "law business of the city." The testimonial privileges belong to the witness, not his counsel.[4] Likewise, seeking to terminate the deposition because it is "in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress *the deponent* ..." Fed.R.Civ.P. 30(d) (emphasis added), protects Ensminger personally, and does not adversely affect the City.

The strong interest the City asserts in the unified control of all city related litigation by the Corporation Counsel is simply irrelevant. Fried Frank cannot interfere with Corporation Counsel's control of the litigation since Ensminger is not a party. The City cannot by its Charter deny Ensminger the right to intelligently assert his Fifth Amendment rights or the right to seek to terminate a bad faith harrassing deposition. Those are Ensminger's personal rights and he is entitled to counsel of his own choice to help him assert those rights.

---

4. Of course, to the extent that Ensminger was part of NYCERS and NYCERS has an attorney client privilege, Corporation Counsel, as counsel for NYCERS, may assert *NYCERS'* privilege on its behalf. In light of this Court's prior rulings on the question of waiver of the privilege, the extent of NYCERS' privilege is very narrow, if it exists at all.

Accordingly the ruling of the Special Master is affirmed as modified above.

It Is So Ordered.